UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK MAGI and MARIE MAGI,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM RICH, GOVERNMENT EMPLOYEES INSURANCE COMPANY a/k/a GEICO, JOHN DOES 1-10 (said names being fictitious individuals), ABC CORPS. 1-10 (said names being fictitious corporate entities),<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT |

Plaintiffs Mark Magi and Marie Magi, husband and wife, by way of complaint against the Defendants William Rich, Government Employees Insurance Company a/k/a GEICO, John Does 1-10 (fictitious persons whose identities are not yet known), and ABC Corps. 1-10 (fictitious names of as yet unidentified corporations) alleges and says:

## NATURE OF THE ACTION

This is an action for personal injury arising from a boating accident on the navigable waters of the United States of America in the Atlantic Ocean approximately three (3) miles east of the Barnegat Inlet/Long Beach Township, New Jersey.

## PARTIES

1. Plaintiff Mark Magi and Marie Magi, husband, and wife, are a married couple and United States citizens who are residents of the Borough of Mount Arlington, New Jersey.

2. Defendant William Rich is a citizen of the United States who is a resident of the Borough of Pennington, New Jersey.

3. Defendant Government Employees Insurance Company a/k/a GEICO ("GEICO") is a for profit corporation with its principal place of business in Chevy Chase, Maryland. GEICO

is a property and casualty insurance provider licensed to do business in the State of New Jersey and the United States.

## JURISDICTION AND VENUE

4. The United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331(1) and 48 U.S.C. § 30104 *et seq.*

5. Venue is appropriate in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of the action is situated within this district.

## FACTUAL ALLEGATIONS

6. Plaintiff Mark Magi is a recreational boater and fisherman who operated his personal vessel, registration number NJ5636GX and hull identification number AQABHA16H899 ("Magi Vessel") on November 3, 2019.

7. The Magi Vessel is a twenty-one (21) foot single engine Aquasport center console.

8. The Magi Vessel was provided with boater insurance coverage by GEICO under policy number BUS55119682 ("Policy") that included an Uninsured Boater and Under Insured Boater endorsement with a limit of $500,000.00.

9. Defendant William Rich was the owner and operator of his vessel, registration number NJ7257HD, hull identification number JDJ36017E000 ("Rich Vessel").

10. The Rich Vessel is a thirty-six (36) foot triple engine Contender Center Console.

11. Upon information and belief, the Rich Vessel was an uninsured boat on the date of accident.

12. Pursuant to the terms of the Uninsured Boater endorsement of the above Policy, GEICO provides insurance coverage for bodily injury caused by an uninsured boater.

13. Pursuant to Fed R. Civ P. 20, 22, Plaintiffs hereby interplead GEICO as the provider of Uninsured Boater insurance and the commonality of interest with defendant William Rich as operator of an uninsured and/or under insured boat.

14. On November 3, 2019, plaintiff Mark Magi was fishing on the Magi Vessel.

15. The vessel was stationary in the navigable waters of the United States of America with its bow pointed in a westerly direction while Mark Magi was reeling in a fish approximately 3 miles east of Barnegat Inlet at coordinates 39° 44' 42" latitude and 74° 02' 33" longitude.

16. At or about the same time and place, defendant William Rich was the operator of the Rich Vessel.

17. At around the same time and place, The Rich Vessel struck the port side of the Plaintiff Mark Magi's stationary vessel while travelling at a high rate of speed on full plane.

18. As a result of the collision, Plaintiff Mark Magi was caused to be thrown about the vessel.

## COUNT ONE
(Negligence)

19. Plaintiffs re-allege and reincorporate the allegations set forth in the preceding paragraphs as if fully set forth herein.

20. Defendant Rich had a duty to make reasonable, proper and timely observations in the operation of his vessel, including observations for other vessels in his path of travel, posting a look out, and to give way to other recreational fishing vessels, and was otherwise under a duty to exercise reasonable care in the operation his vessel.

21. Defendant Rich breached the duty of care imposed on the operators of vessels and was otherwise negligent in the operation of the Rich Vessel.

22. As a result of such negligence by defendant, the Rich Vessel struck the port side of Plaintiff Mark Magi's stationary vessel while travelling at a high rate of speed on full plane.

23. As a result of the collision, Plaintiff Mark Magi was caused to be thrown about the vessel and sustained serious internal and external permanent injuries, pain and suffering, mental pain and suffering, emotional distress that has required extensive medical treatment, hospitalizations, surgical intervention and will be caused to suffer continuing pain and suffering, emotional distress, medical intervention and other great losses in the future.

WHEREFORE, Plaintiff Mark Magi demands judgment against the Defendant William Rich awarding:

    (a)     actual and compensatory damages;

    (b)     incidental and consequential damages;

    (c)     prejudgment loss of wages;

    (d)     loss of future wage earning capacity;

    (e)     pain, suffering and loss of enjoyment of life;

    (f)     past and future medical expenses;

    (g)     future medical treatment;

    (h)     pre- and post-judgment interest;

    (i)     attorney's fees, expenses, and costs of suit; and

    (j)     such other and further relief as this Court may deem just and equitable.

## COUNT TWO
(Loss of Consortium)

24. Plaintiffs re-allege and reincorporate the allegations set forth in the preceding paragraphs as if fully set forth herein.

25. At all relevant times hereto, plaintiff Marie Magi was the lawful wedded spouse of Plaintiff Mark Magi.

26. As a result of the injuries described herein, plaintiff Mark Magi was unable to perform his ordinary and customary activities.

27. As a result of the foregoing, plaintiff Marie Magi has been deprived of the companionship and consortium of her spouse Mark Magi.

WHEREFORE, Plaintiff Marie Magi demands judgment against the Defendant William Rich awarding:

(a) actual and compensatory damages;

(b) incidental and consequential damages;

(c) pre- and post-judgment interest;

(d) attorney's fees, expenses, and costs of suit; and

(e) such other and further relief as this Court may deem just and equitable.

## COUNT THREE
(Claims against Fictitious Parties)

28. Plaintiffs re-allege and reincorporate the allegations set forth in the preceding paragraphs as if fully set forth herein.

29. All of the aforementioned conduct and causes of action are also alleged against John Does 1-10 and ABC Corps. 1-10, fictitious parties, as they may have participated in the conduct and activities, have an ownership interest in the vessel, and/or may be the alter egos of the above-named defendants.

30. As a proximate result of the aforesaid acts of the defendants John Does 1-10 and/or ABC Corps 1-10 which were negligently done resulting in plaintiff Mark Magi sustaining serious permanent injuries and plaintiff Marie Magi being deprived of the companionship and consortium of her spouse Mark Magi.

**WHEREFORE**, the Plaintiffs demand judgment against defendant John Does 1-10 and/or ABC Corporations 1-10, individually, jointly, severally and/or in the alternative awarding:

(a) actual and compensatory damages;

(b) incidental and consequential damages;

(c) prejudgment loss of wages;

(d) loss of future wage earning capacity;

(e) pain, suffering and loss of enjoyment of life;

(f) past and future medical expenses;

(g) future medical treatment;

(h) pre- and post-judgment interest;

(i) attorney's fees, expenses, and costs of suit; and

(j) such other and further relief as this Court may deem just and equitable.

### CERTIFICATION REGARDING OTHER ACTIONS

Pursuant to Local Civil Rule 11.2, I, Brian W. McAlindin hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceedings.

### DESIGNATION OF TRIAL COUNSEL

Brian W. McAlindin, Esq. is hereby designated as trial counsel on behalf of the plaintiffs in the within matter.

### JURY DEMAND

Plaintiffs hereby demand a trial by Jury as to all issues raised herein and so triable.

BATHGATE WEGENER & WOLF, P.C.

By: _____
**Brian W. McAlindin, Esq.**
Fed ID No.: BWM3798
One Airport Road
P.O. Box 2043
Lakewood, New Jersey 08701
Phone: (732) 363-0666
*Attorneys for the Plaintiffs Mark Magi & Marie Magi*

Dated: July 14, 2020